**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-60134
Summary Calendar

HATTIER, SANFORD & REYNOIR; GUS A. REYNOIR; and
VANCE G. REYNOIR,

Petitioners,

VERSUS

SECURITIES AND EXCHANGE COMMISSION,

Respondent.

Petition for Review of an Order of the
Securities and Exchange Commission
(10-10)

November 18, 1998

Before DAVIS, DUHÉ and PARKER, Circuit Judges.

PER CURIAM:[*]

Petitioners Hattier, Sanford and Reynoir, Gus A. Reynoir and

Vance G. Reynoir ("the Reynoirs") petition this court for review of

an order of the Securities and Exchange Commission ("SEC"). We

affirm.

The National Association of Securities Dealers, Inc. ("NASD")

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

brought a disciplinary action against the Reynoirs. NASD found that the Reynoirs had violated Security and Exchange Commission regulations and imposed sanctions. The sanctions were reduced on intermediate appeal to the National Business Conduct Committee of NASD. The Reynoirs then appealed to the SEC, which found that the Reynoirs violated Rule 10b-10 by issuing 453 false confirmations and sustained the NASD sanctions consisting of a $60,000 fine and 30-day non-concurrent suspensions of Gus Reynoir and Vance Reynoir.

"The SEC's factual findings are conclusive in this court if supported by substantial evidence." *Whiteside & Co. v. SEC*, 883 F.2d 7, 9 (5th Cir. 1989). Further, this court will not overturn the SEC's decision to impose a particular sanction unless we find that the decision is arbitrary or "a gross abuse of discretion." *Amato v. SEC*, 18 F.3d 1281, 1284 (5th Cir. 1994).

After a review of the briefs and record on appeal, we conclude that substantial evidence supports the SEC's findings that the Reynoirs violated Rule 10b-10 by falsely confirming to its customer, the Louisiana Insurance Commissioner, in 453 trades over more than fifteen months, that Hattier, Sanford and Reynoir was acting as his agent in trades with a third party when in fact the firm was acting as principal for its own account. Further, substantial evidence supports that SEC's findings that Gus and Vance Reynoir were responsible for the Rule 10b-10 violation. The Reynoirs' arguments that they did not benefit from the violations, that the customer did not sustain loss from the violations and that the customer was aware of the false confirmations do not change the

2

underlying fact that the violations occurred as the SEC found. *See generally Blaise D'Antonai & Assocs., Inc. v. SEC*, 289 F.2d 276, 277 (5th Cir. 1961)(discussing violation of Rule X15c3-1).

Finally, the Reynoirs contend that SEC's affirmance of the sanctions imposed by NASD was arbitrary or an abuse of discretion. Under 15 U.S.C. 78s(e)(2), self-regulatory organizations like NASD have wide discretion in disciplining their members. SEC will overturn sanctions imposed by NASD only if they are excessive or oppressive. *See Remmele & Co.*, 45 S.E.C. 432 (1974). Given the scope and magnitude of the violations found, SEC concluded that the sanctions were neither excessive or oppressive. That conclusion is neither arbitrary nor an abuse of discretion.

For the foregoing reasons, the order of the Commission is affirmed.

AFFIRMED.